IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARK RICHARD SHODDY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CV 112-008<br>(Formerly CR 108-169) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 set forth various claims for relief, one of which was that the government refused in bad faith to file a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b). (Doc. no. 1, pp. 9, 12-13.) The Magistrate Judge recommended that the entire § 2255 motion be dismissed as time-barred under the applicable one-year statute of limitations. (Doc. no. 4.)

At the same time he filed his objections, Petitioner reasserted his claim regarding the government's refusal to file a Rule 35(b) motion in a stand-alone motion to compel filed in his criminal action, which the Court denied in an Order issued on August 6, 2012. United

States v. Shoddy, CR 108-169, doc. nos. 97, 102 (S.D. Ga. Aug. 6, 2012). The Court also denied the motion for reconsideration of the August 6th Order. Id., doc. nos. 103, 105. Because that claim has been denied on the merits, Petitioner's objections related to that claim are now moot. Petitioner's objections regarding the remaining claims in his § 2255 motion are without merit and provide no basis for departing from the Magistrate Judge's recommendation. Thus, the objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is **DISMISSED** as time-barred.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 27th day of August, 2012, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA